UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-10-KKC

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                         PLEA AGREEMENT

JOSHUA D. HABERN                                             DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts One, Two, and Eight of the Indictment. Count One charges a violation of 21 U.S.C. § 841(a)(1), knowing and intentional possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Count Two charges possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Count Eight charges a violation of 21 U.S.C. § 841(a)(1), knowing and intentional possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, and the United States will move at sentencing to dismiss Count Three, Four, Five, Six, and Seven of the Indictment, unless the Defendant breaches this Agreement.

2. The essential elements of Count One are:

    (a) The Defendant knowingly and intentionally possessed a mixture or substance containing methamphetamine, a Schedule II controlled substance;

    (b) The Defendant had the intent to distribute such substance; and

    (c) The offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The essential elements of Count Two are:

    (a) That the Defendant committed the crime of knowing possession with intent to distribute a mixture or substance containing methamphetamine, a drug trafficking offense which may be prosecuted in a court of the United States;

    (b) That the Defendant knowingly possessed a firearm; and

    (c) That the possession of this firearm was in furtherance of the aforementioned drug trafficking offense.

The essential elements of Count Eight are:

    (a) The Defendant knowingly and intentionally possessed a mixture or substance containing fentanyl, a Schedule II controlled substance;

    (b) The Defendant had the intent to distribute such substance; and

    (c) The offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

3. As to Counts One, Two, and Eight, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On June 1, 2022, in Floyd County—which is located in the Eastern Judicial District of Kentucky—the Defendant knowingly possessed more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine (meth), with the intention of distributing it. Specifically,

during a search of the bedroom the Defendant shared with his paramour, law enforcement recovered 133 grams of meth, three rifles, seven pistols, and a shotgun. Multiple such firearms were located in plain view and close proximity to the lockbox in which the meth (and other controlled substances) were recovered. The firearms, identified more particularly in Count 3 of the Indictment, and meth belonged to the Defendant. The Defendant intended to distribute the recovered meth and possessed one or more of the aforementioned firearms for protection in connection with, and in furtherance of, his drug trafficking activities.

(b) On June 1, 2023, in Floyd County, Kentucky, the Defendant knowingly possessed more than 40 grams of a mixture or substance containing a detectable amount of fentanyl, with the intention of distributing it. Specifically, law enforcement recovered a black zipper pouch that Defendant dropped as he fled on foot. Lab tests of the multiple baggies of controlled substances found inside revealed, among other substances, fentanyl mixtures of a total weight exceeding 45 grams. The Defendant intended to distribute the seized fentanyl.

4. The statutory punishment for each of Counts One and Eight is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The statutory punishment for Count Two is not less than 5 years nor more than life imprisonment—to be served consecutive to any term of imprisonment imposed for any other offense—not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $300 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c)(1)(A), and 18 U.S.C. § 922(g)(1). The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any waivers or other documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition

seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 1/31/24   By: _____
W. Pearce Nesbitt
Assistant United States Attorney

Date: 1/24/2024   _____
Joshua D. Habern
Defendant

Date: 1/24/2024   _____
Noah Robert Friend
Attorney for Defendant